UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON MCKEE, | ) | CASE NO.1:13CV2764 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| GLOBUS MEDICAL, INC., ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Globus Medical, Inc.'s Motion to Dismiss (ECF # 5). For the following reasons, the Court grants, in part, Defendant's Motion.

On November 4, 2013, Plaintiff Brandon McKee ("McKee"), an Ohio resident, filed his Complaint in state court against Defendant Globus Medical, Inc. ("Globus"), a Pennsylvania corporation and several unnamed John Doe defendants. Plaintiff's Complaint alleges Globus designs, manufactures and distributes spinal implants and surgical products, including the Globus Revere titanium rod and screw system.

On June 13, 2011, McKee underwent a surgical procedure at Cleveland's Metrohealth Medical Center to repair an L1 burst fracture using Defendant's Globus Revere titanium rod and screw device. On November 18, 2011, McKee underwent a further surgical procedure

due to the alleged failure of the Globus Revere titanium rod and screw device.  As a result of the alleged failure, Plaintiff suffered and continues to suffer injury.  Plaintiff's Complaint alleges claims of Negligence, Product Liability claim under Ohio Revised Code § 2307.71, Breach of Warranty and Punitive damages.

On December 16, 2013, Globus removed the case to federal court based on diversity of the parties.

Globus moves to dismiss all of McKee's claims, contending Ohio's Product Liability statute abrogates McKee's Negligence, Breach of Warranty and Punitive Damages claims.  Furthermore, Globus contends Plaintiff's Complaint fails to assert sufficient facts to support Product Liability and Punitive damages claims.

McKee responds that his Complaint alleges sufficient facts to support each claim.  McKee does not challenge Defendant's assertion that his Negligence claim is abrogated by Ohio's Product Liability statute.  McKee does argue that breach of implied warranties may still be maintained despite the language of O.R.C. § 2307.71.  Finally, McKee requests leave to amend should the Court find the factual allegations do not support Plaintiff's claims.

**<u>LAW AND ANALYSIS</u>**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that " [a] pleading that states a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, to survive a Rule 12(b)(6) motion to dismiss, the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.  *See Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Instead a complaint must contain sufficient factual

2

matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677.  Determining the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### Ohio's Product Liability Statute

Ohio's Product Liability Act ("OPLA") applies to causes of action seeking "recovery of compensatory damages based on a product liability claim," as well as "[a]ny recovery of punitive or exemplary damages in connection with a product liability claim [...]." Ohio Rev.Code § 2307.72(A) & (B).   The OPLA defines "product liability claim" as follows:

> (13) "Product liability claim" means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product
>
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
> (c) Any failure of that product to conform to any relevant representation or warranty.

Ohio Rev.Code § 2307.71(A)(13).

The Ohio legislature unequivocally intended the OPLA to abrogate all common law product liability causes of action.  "Sections 2307.71 to 2307.80 are intended to abrogate all

3

common law product liability causes of action." Ohio Rev.Code § 2307.71(B).  See also *Miles v. Raymond Corp.* 612 F.Supp.2d 913, 917 -918 (N.D.Ohio 2009).  Plaintiff does not dispute that his Negligence claim seeks to recover damages resulting from the design, manufacture, construction, assembly and distribution of the Globus's Revere product.   These allegations fall squarely within the above OPLA definition of a Product Liability claim and are therefore abrogated by the OPLA.  In fact, Plaintiff does not challenge Defendant's Motion on the Negligence claim.  Because Plaintiff's Negligence claim is abrogated by the OPLA, the Court grants Defendant's Motion to Dismiss this claim.

Similarly, Plaintiff's Breach of Warranty claim is also abrogated by the OPLA as stated in O.R.C. § 2307.71(A)(13)(c). ("Any failure of that product to conform to any relevant representation or warranty.")  In finding that the OPLA abrogated both express and implied warranties, the court in *Miles v. Raymond Corporation*, 612 F.Supp.2d 913, 924 (N.D. Ohio 2009) held, "the unambiguous statutory language, which covers 'any relevant{...} warranty,' clearly covers implied warranties as well as express." Quoting O.R.C. § 2307.71(A)(13)(c). Therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's common law claim for Breach of Warranty.

Furthermore, Plaintiff's Punitive Damages claim asserted under Ohio common law is also abrogated by the OPLA, as the OPLA has its own statutory provision for punitive damages found in O.R.C. § 2307.80.

Lastly, the Court finds Plaintiff has asserted a Product Liability Claim under the OPLA, however, it fails to allege with specificity the relevant subchapter(s).  Furthermore, Plaintiff's OPLA claim appears to assert a number of causes of action under one claim,

4

creating confusion for Defendant and the Court.  Therefore, the Court will not dismiss this claim or claims, however, the Court orders Plaintiff to amend his Complaint to distinguish with sufficient particularity the causes of action he is asserting against Defendant under the OPLA with factual allegations supporting such claims and shall specify the appropriate section of the OPLA under which he is asserting it.  Plaintiff shall file his Amended Complaint within seven days of the entry of this Order.

Therefore, for the foregoing reasons, the Court grants, in part, Defendant's Motion to Dismiss Plaintiff's common law Negligence, Breach of Warranty and Punitive Damages claims and denies Plaintiff's Motion to Dismiss Plaintiff's OPLA claim.  However, Plaintiff is ordered to Amend his Complaint within seven days of the entry of this Order.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  July 31, 2014

5